UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELADIO RUIZ DE MOLINA, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV 96-N-3166-S |
| MERRITT & FURMAN INSURANCE AGENCY, INC., et al., | ] |
| Defendant(s). | ] |

FILED
98 OCT 14 PM 12: 44
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
OCT 14 1998

**Memorandum Opinion**

The court has for consideration a motion by defendants Merritt & Furman Insurance Agency, Inc. (Merritt & Furman) and Frank Smith (Smith) to alter and amend judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, timely filed on August 3, 1998. The issues have been briefed by both parties, and the motion is now properly before the court and ripe for decision.

This case arose out of an accident at sea involving plaintiff's 1987 Gulfstar sloop, the Ariel II. When plaintiff sought to recover for the resulting damage from his marine insurance carrier, he discovered that coverage on the boat had not yet gone into effect on the day the accident occurred. Plaintiff claimed that he had been misled by defendants, his insurance agents, into thinking that coverage was already active. The case was submitted to a jury via written interrogatories on claims of breach of contract, negligence, wantonness, reckless misrepresentation, and innocent misrepresentation. The jury found Merritt & Furman liable for breach of contract, and Merritt & Furman and Smith liable for negligence and innocent misrepresentation. The jury rejected any finding of wanton or

reckless fraudulent conduct. Damages were assessed at $59,774.53 on the breach of contract claim against Merritt & Furman, and a total of $136,170.28 on the other counts against both defendants, which included $90,000 in mental anguish damages.

Defendants' present motion seeks to amend the judgment to exclude this $90,000, claiming that mental anguish damages cannot be awarded on the basis of any of the claims on which the jury found them liable. Plaintiff concedes that neither the negligence claim nor the innocent misrepresentation claim is capable of supporting an award of damages for mental anguish. *See, e.g., AALAR, Ltd., Inc. v. Francis*, 1998 WL 178787, at *5 (Ala. 1998) (no mental anguish damages in negligence without at least the threat of physical injury); *Pacific Mut. Life Ins. Co. v. Haslip*, 553 So. 2d 537, 540 (Ala. 1989), aff'd, 111 S. Ct. 1032 (1991) (mental anguish damages are available only for cases of *willful* fraud). The plaintiff argues, however, that the jury's finding of a breach of contract is sufficient to support the mental anguish award. This court disagrees.

Alabama follows the general common law rule that damages for mental anguish are not recoverable in a breach of contract action. This rule applies with full force in the insurance context, so that "the law is clear that there can be no recovery 'for personal injury, inconvenience, annoyance or mental anguish and suffering in an action for breach of a contract of insurance.'" *Independent Fire Ins. Co. v. Lunsford*, 621 So. 2d 977, 980 (Ala. 1993) (Maddox, J., concurring in part and dissenting in part) (quoting *Vincent v. Blue Cross Blue Shield of Alabama, Inc.*, 373 So. 2d 1054, 1056 (Ala. 1979)). However, the Alabama Supreme Court has recognized a narrow exception. "Damages for mental anguish can be recovered . . . where the contractual duty or obligation is so coupled with matters of mental

2

concern or solicitude, or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering." *Liberty Homes, Inc. v. Epperson*, 581 So. 2d 449, 454 (Ala. 1991) (citations omitted); *See also Independent Fire Ins.*, 621 So. 2d at 979 (applying this exception in the insurance context). The plaintiff struggles to force this case through the narrow crack thus created in the wall barring mental anguish recovery. It simply will not fit.

A review of the relevant cases reveals that the Alabama Supreme Court has been cautious in "widen[ing] the breach in the general rule." *Volkswagen of America, Inc. v. Dillard*, 579 So. 2d 1301, 1304 (Ala. 1991). Rather than allowing a case by case inquiry into the degree of mental anguish involved, the court has recognized narrow, discrete categories of cases which deserve special treatment, applying the general rule to cases falling outside these narrow confines. The majority of cases in which the court has allowed the plaintiff to recover damages for mental anguish deal with actions on "contracts for the repair or construction of house or dwelling or the delivery of utilities thereto, where the breach affected habitability." *See, e.g., Orkin Exterminating Co. v. Donovan*, 519 So. 2d 1330 (Ala. 1988); *Lawler Mobile Homes, Inc. v. Tarver*, 492 So. 2d 297 (Ala. 1986); *Alabama Power Co. v. Harmon*, 483 So. 2d 386 (Ala. 1986); *B&M Homes, Inc. v. Hogan*, 376 So. 2d 667 (Ala. 1979); *Alabama Water Service Co. v. Wakefield*, 231 Ala. 112, 163 So. 626 (1935); *Becker Roofing Co. v. Pike*, 230 Ala. 289, 160 So. 692 (1935). Other categories include cases involving the burial of loved ones, suits based on a physician's promises to deliver a child. *See Taylor v. Baptist Medical Center, Inc.*, 400 So. 2d 369 (Ala. 1981), and, most recently, claims based on the breach of a new car warranty where the plaintiff has suffered

3

anxiety, embarrassment and fear. *See, e.g., Volkswagen of America, Inc. v. Dillard*, 579 So. 2d 1301 (Ala. 1991). *See generally Volkswagen*, 579 So. 2d at 1305-07. The court has repeatedly emphasized that cases within these categories are particularly freighted with emotion and deserve special treatment. *See, e.g., B & M Homes*, 376 So. 2d at 671-72 (a person's home is her "'castle,'" and the "largest single individual investment the average American family will make," so "contract dealing with residences are in a special category").

Breach of a contract to insure a boat simply does not measure up to the high standard set by these cases. The Alabama Supreme Court has held specifically that a contract involving a pleasure boat was *not* a contract so related to matters of mental concern and solicitude as to bring it within the mental anguish exception. *Wellcraft Marine v. Zarzour*, 577 So. 2d 414 (Ala. 1990). The Alabama courts have thus rejected the contention that boats are items of such personal importance that breach of a contract relating to them can be expected to cause mental anguish. Plaintiff offers no argument showing how this case can be fit into one of the categories recognized by the Alabama courts,[1] and no reason why this court should predict that the Alabama courts would be willing to create a new category to contain it, particularly in light of *Wellcraft Marine*.

This court is sure that the plaintiff was upset by the insurance company's failure to pay the money he thought he was entitled to, and the jury obviously found that this was the

---

[1] Plaintiff offers only a general contention that this case involves matters of mental solicitude. As the Alabama cases reveal, such a claim is simply insufficient. The cases plaintiff cites are no more helpful. *Sexton v. St. Clair Federal Savings Bank*, 653 So. 2d 959 (Ala. 1995) upheld an award of mental anguish, but the case involved a home, one of the traditional categories. In *Alfa Mutual Ins. Co. v. Northington*, 561 So. 2d 1041 (Ala. 1990), the defendants simply failed to argue the issue presented here.

4

case. However, a contract claim based on anger and distress over mere money, or other tangible objects which do not hold intense personal significance for the ordinary person, is not the sort of claim Alabama courts are prepared to recognize. Allowing mental anguish damages in such claims would eviscerate the general rule. The court is confident that the Alabama state courts would not stretch the mental anguish exception far enough to swallow plaintiff's claim.

Plaintiff's breach of contract claim cannot support an award of emotional distress damages. Plaintiff concedes that the other claims on which the jury found liability also cannot. Therefore, the jury's award of mental anguish damages was improper and defendant's motion to amend judgment will be granted.[2]

Done, this 13th of October, 1998.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

---

[2] The court also notes a minor error, amounting only to a few cents, which occurred in transferring the jury's damage findings into the court's judgment. This clerical error will be corrected *sua sponte* pursuant to Fed.R.Civ.P. 60(a).