**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

02 FEB 14 AM 10: 53

| | | |
|---|---|---|
| ELADIO RUIZ DE MOLINA, | ) | **ENTERED** |
| | ) | FEB 1 4 2002 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.:  96-BE-3166-S |
| | ) | |
| MERRITT & FURMAN INSURANCE | ) | |
| AGENCY, INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | **CONSOLIDATED WITH** |
| | ) | |
| MERRITT & FURMAN INSURANCE | ) | |
| AGENCY, INC., et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.:00-BE-2172-S |
| | ) | |
| WORLDWIDE MARINE | ) | |
| UNDERWRITERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This case is before the court on the motion for summary judgment filed by defendants

Worldwide Marine Underwriters, Inc. ("WMU") and Robert Luellen as to the claims asserted

against them by the plaintiff Eladio Ruiz de Molina.  The defendants assert that the plaintiff's

claims against them are barred as a matter of law because the plaintiff previously received and

accepted satisfaction of the judgments entered in this action against the other defendants Merritt

& Furman Insurance Agency, Inc. and Frank Smith, alleged joint tortfeasors.  For the reasons

stated herein, the court agrees with these defendants and enters summary judgment in their favor

148

and against the plaintiff.

## FACTS[1] AND PROCEDURAL HISTORY

Because the issue presented by the present motion is one of law, few facts are critical to the court's ruling. However, the background facts enlighten the context in which the question of law arises.

In August of 1995, Mr. Ruiz de Molina contacted Frank Smith, an agent of Merritt & Furman, about insurance on the Ariel II if she were moored in Mexico. Smith contacted Robert Luellen, an insurance broker in Michigan with WMU, and obtained a verbal quote, followed by a fax, for insurance on the Ariel II if moored in Mexico. Smith transmitted that quote to Ruiz de Molina. Ruiz de Molina subsequently decided to moor the Ariel II in Florida instead, and contacted Smith in early December, requesting that insurance be bound with a mooring in Florida. He requested a written binder of the coverage. Smith contacted Luellen again to obtain a new quote and sent a fax to Luellen on December 6 requesting that coverage be bound. As Smith testified in the prior trial, he had several phone conversations with Luellen concerning the placement of coverage and Luellen allegedly informed him that coverage could be bound. Smith faxed a binder to Ruiz de Molina indicating that coverage was effective that day, December 6.

On December 8, Ruiz de Molina and Ariel II left Fairhope, Alabama, for Ft. Myers, Florida. En route, the boat was damaged by a storm at sea on or about December 9, 1995. Unfortunately, no insurance had been procured to cover the damages to the Ariel II.

---

[1] The facts recited here are adapted from the facts stated by the Eleventh Circuit in the earlier appeal of this case, *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351 (11th Cir. 2000), and from the Memorandum Opinion issued in this case on July 12, 2001, in which the court granted in part and denied in part these defendants motion for summary judgment against defendants/cross-claim plaintiffs Merrit & Furman Insurance Agency and Robert Smith. Supplemental facts come from the parties submissions in support of and in opposition to this motion for summary judgment.

This lawsuit grew out of a failure to obtain insurance coverage for the plaintiff's Gulfstar sloop the Ariel II. The dispute actually resulted in two lawsuits, which have been consolidated. In the first suit, the plaintiff, an Alabama resident, sued Merrit & Furman, a Florida insurance broker, Frank Smith, its agent, Worldwide Marine Underwriters, a Michigan insurance broker, and Robert Luellen, its agent. Merritt & Furman and Smith cross-claimed against WMU and Luellen seeking indemnity and allegeding breach of contract, negligence and fraud. WMU and Luellen moved to dismiss all claims against them for lack of personal jurisdiction. That motion was granted without prejudice because of lack of *in personam* jurisdiction.

Ruiz de Molina's case proceeded to trial against the remaining defendants, Merrit & Furman, and Smith. The jury returned a verdict in favor of the plaintiff, finding Merritt & Furman liable for breach of contract, and Merritt & Furman and Smith liable for negligence and innocent misrepresentation. The jury assessed damages for breach of contract at $59,774.53, and at a total of $136,170.28 on the other counts against both defendants, which included $90,000 assessed as mental anguish. Because the court found that none of the claims on which the jury found the defendants liable would not support a claim for mental anguish damages, the trial court reduced the amount of the judgment by $90,000.

The plaintiff appealed the reduction of the judgment and the dismissal of WMU and Luellen to the Eleventh Circuit. The Eleventh Circuit affirmed the reduction of the damage award, but reversed the dismissal of WMU and Luellen, finding that these defendants had "purposefully availed themselves of the opportunity to do business *with* an Alabama resident *in* Alabama. Since plaintiff's claim arises out of defendants' forum-related activities–the procurement of his insurance policy–jurisdiction over them for this specific claim is appropriate." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1357 (11th Cir. 2000).

In the meantime, after the dismissal of WMU and Luellen in this case but prior to the appeal, defendants Smith and Merritt & Furman filed a separate lawsuit against them in the United States District Court for the Southern District of Florida to preserve their claims against WMU and Luellen. After the Eleventh Circuit mandate, the Florida court transferred the action pending there to this court where the Florida case was consolidated with the original Ruiz de Molina action.

The issue presented by the motion for summary judgment is a relatively simple, straightforward one: does the acceptance by the plaintiff of the payment in full by defendants Merritt & Furman and Smith of the judgment previously entered in this case constitute complete satisfaction and thereby discharge these defendants even though the plaintiff sought to preserve his claims against these defendants by executing a <u>pro tanto</u> release?

The facts presented regarding this issue are not in dispute: the plaintiff received a judgment against Merritt & Furman and Smith for $105,944.71 arising out of the failure to procure insurance coverage for the Ariel II; after the Eleventh Circuit opinion was issued, the plaintiff received on behalf of those defendants a check for $114,045.89 dated June 14, 2000.[2] On August 16, 2001, the plaintiff executed a pro tanto release that purported to release only Merritt & Furman and Smith and to retain the right to pursue his claims against WMU and Luellen.

**SUMMARY JUDGMENT STANDARD**

---

[2] Some confusion exists concerning the correct date on the cover letter transmitting the check, but such a dispute hardly rises to a genuine issue of material fact and is irrelevant to the issue at hand.

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper when no genuine issue of material fact exists and when the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Mitchell v. USBI Co.*, 186 F.3d 1352, 1354 (11th Cir. 1999); *Early v. Champion Int'l Corp.*, 907 F.2 1077, 1080 (11th Cir. 1990). The moving party always shoulders the initial burden of supporting its motion and submitting evidence to demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrell*, 477 U.S. 317, 323 (1986). The movant meets this burden by presenting evidence that shows the absence of a genuine issue of material fact, or by establishing that the nonmoving party cannot present evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.

Once the moving party has met its burden, the nonmoving party cannot rest on the pleadings or mere allegations but must offer evidence of specific facts showing that a geniune issue of fact exists for trial. Fed. R. Civ. P. 56 (e); *Celotex*, 477 U.S. at 322. Disputes as to the facts present a genuine issue of material fact if the evidence presented is such that a reasonable jury could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To create a genuine issue of material fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Not every dispute regarding a fact is a material one sufficient to defeat summary judgment. *Anderson*, 477 U.S. at 248.

In evaluating the evidence, the court should not make determinations about credibility or weight of evidence; nor should the court draw inferences from the facts as these are the provence of the jury; therefore, the court should believe the evidence submitted by the nonmoving party and should give the nonmovant the benefit of justifiable and reasonable inferences in his favor.

*Anderson*, 477 U.S. at 255; *Crawford v. Babbitt* 186 F.3d 1322, 1325 (11th Cir. 1999) quoting

*Witter v. Delta Air Lines, Inc., 138 F.3d 1366, 1369 (11th Cir. 1998)*, *Brown v. Clewiston*, 848

F.2d 1534, 1540 n. 12 (11th Cir. 1988). The court must grant summary judgment if no genuine

issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.

R. Civ. P. 56(c).


**ONE CAUSE OF ACTION AND ONE SATISFACTION**

The defendants assert that the plaintiff's claims against them are barred as a matter of law

because  plaintiff has already obtained judgments against defendants Merritt & Furman and

Smith, co-defendants and alleged joint tortfeasors in this action, to compensate him for the

injuries he allegedly sustained as a result of the denial of insurance coverage for the damage to

the Ariel II. Those judgments have been satisfied and paid in full. These defendants argue that

plaintiff now seeks to recover, for a second time, compensation for the same injuries for which

he has already once been compensated. Movants Worldwide Marine Underwriter's Inc.'s and

Robert Luellen's Second Initial Submission in Response to Exhibit D of the Court's Order 4

(Sep. 25, 2001)(hereinafter "Defs.' Second Initial Submission").

The plaintiff counters that he is not seeking recovery from these defendants for the same

causes of action or for the same damages that the jury returned its verdict against Merritt &

Furman, and Smith. Instead, plaintiff argues that he seeks recovery for "misconduct that was

different from the misdeeds that an earlier jury found had been committed by Merritt & Furman

and Smith." Eladio Ruiz de Molina's Memorandum Brief in Opposition to Robert Luellen's and

Worldwide Marine Underwriters, Inc.'s Joint Motion for Summary Judgment 5 (Oct. 15, 2001).

(hereinafter "Pl.'s Br."). In the earlier trial, the plaintiff's claims against Merritt & Furman and

Smith for breach of contract, negligence, wantonness, reckless misrepresentation, and innocent

misrepresentation went to the jury.  However, the jury found that those defendants had not acted

wantonly and that those defendants had not made reckless misrepresentations, thus precluding

the award of damages for mental anguish or punitive damages.  *See* Order Amending Judgment

and Memorandum Opinion entered on October 14, 1998.   The plaintiff argues that his claims

against WMU and Luellen are independent and distinct from those which he successfully tried

against the other defendants.  Plaintiff argues that his claims against WMU and Luellen are for

wanton, willful, or reckless misconduct that would support mental anguish compensatory

damages and punitive damages – damages that he was NOT able to recover from Merritt &

Furman and Smith in the first trial.  Therefore, he argues, he is not seeking to recover

compensation for the same injuries for which he has already been compensated, as these

defendants assert. Pl.'s Br. 6 (Oct. 15, 2001).  The plaintiff further argues that recovery of mental

anguish damages and/or punitive damages from these defendants would not result in a double

recovery because he was not able to recover those damages from Merritt & Furman and Smith.

*Id.* at 7.

Plaintiff's argument must fail for several reasons.  First he erroneously equates preclusion

of double recovery with the "one cause of action/one satisfaction" rule of law.  The complaint

filed by the plaintiff, the first amended pretrial order entered before the earlier trial, and the

second pretrial order entered September 5, 2001 clearly reflect that the plaintiff's claims against

ALL the defendants, no matter how couched, all arise from the failure to secure insurance on the

Ariel II and her subsequent uninsured damage. The jury found defendant Merritt & Furman liable

for breach of contract and Merritt & Furman and Smith liable for innocent misrepresentation

arising from the failure to procure insurance on the Ariel II. *See* Order Amending Judgment and

Memorandum Opinion entered on October 14, 1998. The plaintiff now seeks to hold WMU and

Luellen liable for the same incident: failure to procure insurance that resulted in an uninsured

loss. Regardless of how the plaintiff seeks to couch the cause of action or damages claimed, he

only has one indivisible cause of action arising out of the failure of these alleged joint tortfeasors

to procure insurance coverage on the Ariel II and the damages resulting therefrom. *Shepherd v.*

*Maritime Overseas Corp.*, 614 So. 2d 1048, 1050 (Ala. 1993) quoting *Jones v. Russell*, 206 Ala.

215, 89 So. 660, 662-63 (Ala. 1921).

Plaintiff cites no law for the proposition that he can continue his claims against these

defendants by seeking damages not recovered in the first trial by simply reclassifying his claims

against these defendants under different theories of recovery.

Under well-established Alabama law, the plaintiff's claims against WMU and Luellen are

barred by his acceptance of satisfaction of the judgment against Merritt & Furman and Smith.

The Supreme Court of Alabama has repeatedly held that:

> It is . . . [well] settled [in Alabama] that while a party is entitled to full
> compensation for his injuries there can be only one satisfaction therefor.
> Williams v. Colquett, 272 Ala. 577, 133 So.2d 364, 368 (1961). **If a plaintiff
> recovers judgment against one of the joint tort-feasors and obtains
> satisfaction, this operates as a discharge of the others . . .** Id.

*Maddux v. Druid City Hospital Bd.*, 357 So. 2d 974, 975 (Ala. 1978) (emphasis added); *see also*

*Restatement (Second) Torts*, § 886 ("Payment in full of one judgment by the judgment debtor

bars a further action by the plaintiff against another who is liable for the same damages."). The

rule in *Maddux* directly controls the disposition of this case. Here, plaintiff recovered judgments

against two of four alleged joint tortfeasors (Merritt & Furman and Smith), and has received

satisfaction of those judgments. This satisfaction operates, as a matter or law, to discharge all

joint tortfeasors, including both Worldwide Marine and Luellen.

The parties do not dispute that Worldwide Marine and Luellen are alleged joint tortfeasors with Merritt & Furman and Smith. Plaintiff has maintained throughout this litigation that each of the four defendants are liable for the same damages – for the compensatory (including mental anguish) damages plaintiff claims he suffered as a result of the uninsured damage to the Ariel II, as well as the punitive damages he seeks. That plaintiff seeks to recover for the same damages is clearly demonstrated by the pretrial orders agreed to by the plaintiff before the first trial (against Merritt & Furman and Smith) and the scheduled upcoming trial (involving Worldwide Marine and Luellen). (*See* First Pretrial Order, ¶(5) a.-c.; Second Pretrial Order, ¶(5) a.-c.; *supra*, ¶¶1-6). That the plaintiff did not <u>succeed</u> on his claim for these damages in the first trial does not change the result. Again, the plaintiff offered no authority to support his position and the court could find none either.

As the Alabama Supreme Court held in 1927:

> Injury arising from the concurring negligence of joint tort-feasors, whether acting together or independently, may be redressed by joint or several action. Separate suits may be prosecuted to judgment. But recovery against one followed by satisfaction is a defense to the other except as to costs--this upon the ground that the right of action is one and indivisible. Satisfaction extinguishes the demand.

*Steenhius v. Holland*, 217 Ala. 105, 115 So. 2, 3 (1927). This age-old rule is "founded on the principle that an injured party should not be allowed to recover more than once for the same wrong." 47 Am. Jur.2d *Judgments* §§ 1008, 1009 (1995).

In *Jones v. Russell*, 206 Ala. 215, 89 So. 660 (1921), the Alabama Supreme Court rejected arguments similar to those made here by Ruiz de Molina. In *Jones*, the plaintiffs had previously brought an action against the occupants of an automobile for the wrongful death of

their minor child, obtained a judgment, and received satisfaction of the judgment.  Plaintiff

subsequently sued the employer of a driver of a second car involved in the fatal accident.  Like

Ruiz de Molina, the plaintiff in *Jones* argued that the satisfaction of the prior judgment was not

"rendered in full satisfaction of the plaintiff's entire claim for commission of the said tort."  89

So. at 662.  In holding that the satisfaction extinguished plaintiff's cause of action and barred her

claims in the second action, the court stated:

> 'Where one has received an injury at the hands of two or more
> persons acting in concert, or acting independently of each other, if
> their acts unite in causing a **single injury**, all of the wrongdoers are
> liable for the damages occasioned by the injury.'  **It is also
> manifest that this single injury, in itself or of itself, indivisibly
> constitutes an indivisible cause of action.**  This is true,
> notwithstanding the fact that the party injured could maintain
> separate suits on this cause of action against the tort-feasors at the
> same time, and could have sued them jointly. . . .  **But when she
> successfully prosecuted her single cause of action against one of
> the tort-feasors, and received satisfaction in full of the
> judgment, that was satisfaction for the entire injury, for the
> single cause of action, and after satisfaction, although it moved
> from only one of the tort-feasors no foundation remained for a
> suit against anyone.  Her cause of action was extinguished.'"**

89 So. at 662-663 (emphasis added) *citing McCoy v. Louisville & N.R. Co.*, 146 Ala. 333, 40 So.

106 (1905).  *See also Shepherd v. Maritime Overseas Corp*, 614 So. 2d 1048, 1050-51 (Ala.

1993) ("Each of the plaintiffs is seeking to recover damages . . . based on the alleged infliction of

a single indivisible injury (i.e., illness caused by exposure to asbestos).  It is clear, therefore, that

each of the plaintiffs has a single cause of action, albeit against two separate groups of

defendants, based on the alleged breach of the respective duties owed by each group of

defendants . . .") *Shepherd*, 614 So. 2d at 1050  (quoting *Jones v. Russell*, 206 Ala. 215, 218

(Ala. 1921).

The *Jones* case, as more recently cited, approved and adopted in *Shepherd*, directly controls the present case. As the plaintiff's claims in *Jones* were barred by satisfaction of the prior judgment, Ruiz de Molina's claims against Worldwide Marine and Luellen are also barred as a matter of law. That plaintiff claims different types of damages is irrelevant: all those damages arise from the one injury: the uninsured damage to Ariel II. *See Shepherd*, 614 So. 2d at 1050-51.

The Alabama Supreme Court has also specifically held that the "one satisfaction" rule applies regardless of whether the plaintiff potentially could have recovered different types of damages in the second action than were awarded in the prior judgment. In *Jones*, the Court explained that the "[t]he conclusive presumption is that the full damages were awarded the plaintiff in the judgment that was satisfied." 89 So. at 662, *citing McCoy*, 40 So. at 107. This court must follow Alabama law that

> [w]here a judgment against a defendant liable for the entire harm is satisfied, that extinguishes the obligation of another wrongdoer, **and "the fact that the plaintiff recovered only part of the damages to which he was entitled is immaterial."**

*Williams v. Woodman*, 424 So. 2d 611, 614 (Ala. 1982) (emphasis added). *See also* 47 Am. Jur. 2d *Judgments* § 1009 (1995) ("This rule holds even if the particular judgment that is satisfied awarded a smaller amount than another judgment rendered on the same injury, and regardless of whether, in the action that gave rise to the satisfied judgment, the plaintiff sought or received all damages that he alleges resulted from the wrong at issue.") Plaintiff's contention that he might have been able to recover from Worldwide Marine or Luellen for mental anguish or punitive damages, which he did not recover from Merritt & Furman and Smith, does not alter the fact that the satisfaction of the prior final judgment extinguished his single cause of action.

While the prior final judgment against Merritt & Furman did not ultimately include

mental anguish or punitive damages, plaintiff did seek those same damages from Merritt &

Furman and Smith.  In fact, the judgment, before being amended, included mental anguish

damages. The injury for which he now seeks to recover  is neither different from nor independent

of the injury for which he has already recovered.  All damages, regardless of how named, arise

from the damages to Ariel II, which were allegedly uninsured because of the actions of all

defendants.

**PRO TANTO RELEASE DOESN'T PRECLUDE SATISFACTION**

Assuming the judgments have been satisfied, the one satisfaction rule bars plaintiff's

claims seeking those damages a second time from Worldwide Marine and Luellen.  The plaintiff

does not dispute that he received and cashed a check for $114,045.89 tendered to him on behalf

of defendants Merritt & Furman and Smith. Instead, he offered a copy of the "Pro Tanto Release"

that he executed in favor of Merritt & Furman and Smith on August 16, 2001.  Plaintiff claims

that Alabama Code § 12-21-109 allows him to accept a partial satisfaction of the judgment from

Merritt & Furman and Smith and continue to assert his claims against joint tortfeasors WMU and

Luellen for specific items of damage not recovered in the first judgment, i.e., mental anguish and

punitive damages.  However, § 12-21-109 does not apply to this situation.  By its clear language,

that statute applies to "all judgments entered pursuant to pro tanto settlements. . . ."  Ala. Code §

12-21-109.  The statute, thus, does not apply to a pro tanto release entered pursuant to a judgment

- the reverse of the statute.

Plaintiff's professed intent to accept only a *pro tanto* satisfaction of his cause of action

does not save his claims against these defendants.  Plaintiff does not dispute that the final

judgment against Merritt & Furman and Smith was satisfied in full.  Plaintiff's execution of a

"Pro Tanto Release," over a year after receiving satisfaction of the judgment, in no way alters the fact that the judgment was satisfied.[3] The long-standing "one satisfaction" rule does not provide an exception for situations where a plaintiff simply wants to receive his money and still sue another alleged tortfeasor. Such an exception would completely swallow the rule and entirely defeat the underlying rationale of prohibiting multiple recoveries for a single injury.

Plaintiff's reliance on *Johnson v. Collier* is misplaced. There, the Alabama Supreme Court merely applied the Alabama statute that requires that "all judgments entered pursuant to pro tanto settlements must have effect according to their terms." *Johnson v. Collier*, 567 So. 2d 1311, 1312 (Ala. 1990), *citing* Ala. Code § 12-21-109 (emphasis added). Here, however, the judgment against the joint tortfeasors entered following a trial on the merits of the plaintiff's claims was not a judgment entered pursuant to a pro tanto settlement. The judgment involved no pro tanto settlement; rather, the plaintiff accepted satisfaction of a full and final judgment. Neither the *Johnson* case nor section 12-21-109 applies to the present case. *See Jones*, 89 So. at 663-664 (rejecting a similar argument).[4]

Under settled Alabama law, plaintiff had only one indivisible cause of action arising from the fact that the Ariel II was not insured at the time she sustained damage at sea. That cause of action, and the plaintiff's right to recover for any and all damages resulting from that loss, was

---

[3] The check in satisfaction of the judgment, dated June 14, 2000, was transmitted to the plaintiff via a letter dated June 26, 2000. *See* Pl.'s Br. 3. The pro tanto release was executed August 16, 2001. Exhibit to Plaintiff's Brief.

[4] The *Jones* court specifically rejected this argument as well. The plaintiff in *Jones* cited *Home Tel. Co. v. Fields*, 43 So. 711 (Ala. 1907), a decision which applied the predecessor statute to section 12-21-109 in holding that a pro tanto settlement with a joint tortfeasor did not release other tortfeasors. On rehearing in *Jones*, the court called the *Fields* decision "inapt and foreign to the present case." The court instead followed the one satisfaction rule and held that the plaintiff's subsequent claim was barred by satisfaction of the judgment. *Jones,* 89 So. at 663-664.

extinguished when the plaintiff accepted satisfaction of the final judgment entered against Merritt & Furman and Smith.  Therefore,  that the plaintiff finds the "one satisfaction" rule unfair, that plaintiff might potentially have recovered a larger amount or different type of damages from Worldwide Marine or Luellen, or that the plaintiff intended to reserve his claims against Worldwide Marine and Luellen is irrelevant.  Plaintiff chose to accept satisfaction for his injury, and his entire cause of action against all alleged tortfeasors arising from the uninsured loss to his yacht has been extinguished.

Therefore, the court grants summary judgment in favor of WMU and Luellen and against the plaintiff as reflected in the Order filed contemporaneously.  The case will proceed to trial on the cross-claims of Merritt & Furman and Smith against WMU and Luellen.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE